# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KATHRYN VAN BRUNT, Individually )
and as Personal Representative of the )
Estate of HAROLD VAN BRUNT and )
KRISTA GILLEN, )
            )
        Plaintiffs, )
            )
        v. )        C.A. No. N23C-10-064 MMJ
            )
BEEBE MEDICAL CENTER, INC. d/b/a )
BEEBE HEALTHCARE, SUSSEX )
EMERGENCY ASSOCIATES, LLC, )
STEVEN GINDER, M.D., NEIL )
GASKILL, D.O., ARPINE AVAGYAN, )
M.D., and MADHU PRATTIPATI, M.D., )
            )
        Defendants. )

## ORDER

Submitted: December 13, 2023
Decided: January 4, 2024

### Upon Defendants' Request to Determine if the Affidavit of Merit Complies with 18 *Del. C.* §§ 6853(a)(1) and (c)

Section 6853(a)(1) of Title 18 of the Delaware Code provides that all healthcare negligence complaints must be accompanied by an affidavit of merit as to each defendant signed by an expert witness, accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant.

1

In this case, two affidavits of merit were filed under seal, as required. Pursuant to 18 *Del. C.* § 6853(d), Defendants requested *in camera* review of the affidavit(s) to determine compliance with Sections 6853(a)(1) and (c). The Court has reviewed the affidavits of merit and the accompanying *curriculum vitae.* The Court finds:

1. Two affidavits were submitted, each signed by an expert witness.

2. Both affidavits are accompanied by a current *curriculum vitae*.

3. Both affidavits set forth each expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by each named defendant.

4. Both affidavits set forth each expert's opinion that there are reasonable grounds to believe that specifically enumerated breaches by each defendant proximately caused the injuries claimed in the complaint.

5. Both expert witnesses were licensed to practice medicine as of the date of the affidavit.

6. In the 3 years immediately preceding the alleged negligent act, one expert witness was engaged in the treatment of patients and/or in the teaching/academic side of medicine in the fields of Emergency Medicine and Family Medicine. The second expert witness was engaged in the treatment of patients

and/or in the teaching/academic side of medicine in the fields of Internal Medicine and Geriatric Medicine.

7.     Both expert witnesses are board-certified in their respective fields of medicine.

**THEREFORE,** the Court having reviewed *in camera* the affidavits of merit and accompanying *curriculum vitae* of plaintiff's expert witnesses, the Court finds that the affidavits of merit comply with Sections 6853(a)(1) and (c) of Title 18 of the Delaware Code.

**IT IS SO ORDERED.**

_____*/s/ Mary M. Johnston*_____
The Honorable Mary M. Johnston